UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | CASE NO. 09-12627 |
| ASHTON R. O'DWYER, JR. | SECTION "B" |
| DEBTOR | CHAPTER 11 |

## ORDER AND REASONS

The debtor filed this individual Chapter 11 petition on August 21, 2009, representing himself *pro se*. Since then, although he is an attorney, the debtor has not been particularly adept in following the legal requirements of a Chapter 11 case. His schedules, which were filed on the official forms, were not initially in compliance because they were incomplete. The debtor's attempts to supplement the schedules were permitted by the court even though they were not in the required format. Instead of filing schedules and statements in accordance with the Bankruptcy Code[1] and Rules,[2] the debtor filed numerous pages in hand-written form, with much extraneous information, much of which the court had to order stricken from the record due to its scandalous and defamatory nature.[3]

The standard 120 day order entered in this case provided that the deadline for the debtor to file his disclosure statement and plan of reorganization was December 21, 2009. The debtor requested and the court granted an extension of this deadline, giving the debtor until January 20, 2010 to file these documents, which are essential to the formulation and confirmation of a plan of reorganization under Chapter 11. On January 20, 2010, the Clerk's office received a mish-

---

[1] 11 U.S.C. § 521.

[2] Federal Rule of Bankruptcy Procedure 1007.

[3] *See* Order dated November 19, 2009 (P-63).

1

mash of papers purporting to be the debtor's plan of reorganization. No disclosure statement was included. The first 46 pages, which purport to be the "plan" are hand-written on the back of pleadings from other proceedings in other courts, which undoubtedly seem very important to the debtor but have nothing to do with the debtor's bankruptcy. The court can only assume that the debtor is attempting to save trees by recycling paper, but nevertheless, it would be highly unusual and confusing to allow such pleadings to be filed.

Attached to this "plan" are a number of other documents, also from unrelated proceedings in other courts, including:

1. A 63 page brief the debtor filed in the United States Fifth Circuit Court of Appeals in matter number 08-46 c/w 09-12.

2. Several letters from the debtor to:

    a. United States District Judge Helen G. Berrigan dated April 9, 2008;

    b. Mr. Charles Plattsmier, chief disciplinary counsel, Louisiana Bar Association dated September 15, 2006; and

    c. United States District Judge Helen G. Berrigan dated April 22, 2008.

3. Plaintiff's First Supplemental and Amended Complaint filed in case number 08-CV-3170 in the United States District Court for the Eastern District of Louisiana.

4. Letter from the debtor to the United States District Court for the Eastern District of Louisiana dated May 13, 2008.

5. Undated letter to United States District Judge Ivan L. R. Lemelle.

6. Letter to United States District Judge Ivan L. R. Lemelle dated September 16, 2008.

None of the voluminous attachments to the debtor's "plan" constitute materials that are necessary to or usually filed with a Chapter 11 plan of reorganization. Also, a great number of the pages filed by the debtor as attachments to the plan contain defamatory language concerning

Judges Lemelle and Duval and other District Court Judges.  The filing of pleadings containing such language has already been prohibited by the District Court and has in fact been the basis for disbarment of the debtor from the practice of law.[4]  This court has in the past either stricken or disallowed such language in pleadings filed in this case.[5]  Because the filing of materials containing this sort of language is not only prohibited but also forms no part of and is not material in any way to the plan of reorganization, their filing will not be allowed, and the court orders the Clerk's office to return them to the debtor.

As to the purported plan of reorganization, (the first 46 pages of the package) it does not contain any of the requirements set forth in § 1123 of the Bankruptcy Code, including those set forth in subsection (a)(8), which is applicable to individual Chapter 11 debtor, nor does the plan address any of the claims listed by the debtor in his schedules or the proofs of claim filed by the creditors of the debtor with this court.  Additionally, the debtor has not filed a disclosure statement, which is required by both the court's 120 day order, issued on August 28, 2009 (P-14), and § 1125(b) of the Bankruptcy Code

If the court allowed the filing of this purported plan, it would have to strike the portions of it that contain the defamatory language discussed above.  Therefore, the court will not allow the filing of the debtor's "plan" but directs the Clerk's office to return the "plan" and all of its attachments to the debtor.

Although the court is returning the debtor's "plan", and the deadline for filing a plan,

---

[4] *See* district court orders of November 7, 2008, March 4, 2009 and September 4, 2009.

[5] *See* Order dated November 19, 2009 (P-63) and Order dated December 17, 2009 (P-71).

even as extended, has expired, the court, in its continuing efforts to aid the debtor, will grant the debtor an additional 21 days from the date of this order to file a disclosure statement and a plan that comports with the requirements of the Bankruptcy Code.  Any such plan and disclosure statement must be in accordance with the provisions of §§ 1123 and 1125(b) of the Bankruptcy Code and be free of defamatory language against District Court Judges and any other persons.  Additionally, although the court appreciates the debtor's attempts at saving trees by recycling paper, any further filings by the debtor shall not be on the back of paper that has been already used to print other documents.  If the debtor files a plan that does not comply with these requirements, the court will direct the Clerk's office to return it to the debtor, and no further extensions of time to file a plan will be granted.

New Orleans, Louisiana, February 1, 2010.

*J. A. Brown*
Jerry A. Brown
U.S. Bankruptcy Judge